**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **CHRISTOPHER DESMOND** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **I.D. No.: 91009844DI** |
| **v.** | ) | |
| | ) | |
| **STATE OF DELAWWARE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On this ⟋⟋⟋ day of February, 2021, the Court has considered Defendant Christopher Desmond's Motion for Reconsideration of its December 21, 2020 Order in his case and related case law. It appears to the Court that:

1. Defendant was arrested in 1991 by Delaware State Police for allegedly committing a series of robberies in and around New Castle County, Delaware. After a full trial, Defendant was convicted of ten counts of Robbery First Degree, ten counts of Possession of a Deadly Weapon During Commission of a Felony, three counts of Possession of a Deadly Weapon by a Prohibited Person, three counts of Felony Theft, two counts of Second Degree Conspiracy, and one count of

Third Degree Escape. In January of 1993, Defendant was sentenced to 78 years of Level V incarceration for these convictions.

2. Defendant's direct appeal to the Supreme Court of Delaware was denied on November 16, 1994.[1] Defendant has also filed a large body of appeals in the Superior Court, the Supreme Court of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, and the United States Supreme Court. All of these additional appeals as well as all related motions and petitions by Defendant have been unsuccessful at every level. Most recently, the Superior Court denied Defendant's fifteenth Motion for Postconviction Relief under Delaware Rule of Criminal Procedure 61 on December 21, 2020. This Court has previously noted that this Defendant has displayed "a pattern of reasserting past claims by couching the claims in slightly different language in an attempt to preserve the appearance that the claim has not been previously adjudicated and is not procedurally barred by Rule 61."[2]

3. Defendant has now submitted a self-styled Motion for Reconsideration of the Superior Court's denial of his fifteenth motion

---

[1] *Desmond v. State*, 654 A.2d 821 (Del. 1994).
[2] *State v. Desmond*, 2011 WL 91984, at *3 (Del. Super. 2011)(internal citations omitted.)

for postconviction relief on December 21, 2020 ("Motion to Reconsider"). For the following reasons, Defendant's Motion to Reconsider will be **DENIED**.

4. Defendant's Motion to Reconsider asks this Court to reverse its December 21, 2020 Order ("December 21st Order")[3] which denied Defendant's fifteenth Motion for Postconviction Relief ("Fifteenth Motion.")

5. Defendant's Motion to Reconsider claims that this Court committed an abuse of discretion by denying his Fifteenth Motion. Defendant's Fifteenth Motion argued that his ten convictions for First Degree Robbery should be reduced based on the Supreme Court of Delaware's decision in *Parker v. State*.[4]

6. First, before addressing the substance of Defendant's Motion, it is necessary to note that Defendant's Motion has failed to meet the standard for this Court to grant a motion for reargument. Under Superior Court Rule 59(e), a motion for re-argument (including a motion urging the Court to reconsider a motion which did not involve an oral argument or other in-person hearing) will only be granted if

---

[3] *Desmond v. State* (Del. Super. 2020).
[4] *Parker v. State*, 201 A.3d 1181 (Del. 2019)

the Court has overlooked controlling precedent or legal principles, or if the Court has misapprehended the law or the facts in a manner that would effect the outcome of the case.[5] A motion for re-argument is not an opportunity for a party to rehash arguments that it has made previously or to raise entirely new arguments.[6] Additionally, a motion for reargument must be filed within five days after the Court files the order or decision for which the moving party seeks reargument.[7]

7. Defendant's motion fails to meet the standard on a motion for re-argument. First, Defendant's motion was not filed within the five-day window for a motion for reargument contemplated by Rule 59(e). The Court issued its denial of Desmond's Fifteenth Motion for Postconviction Relief on December 21, 2020. Defendant filed the instant Motion on January 6, 2021. This falls outside of the five-day window for filing a motion for reargument. Defendant's Motion must therefore be barred as untimely.[8] Second, for the reasons described below, Defendant's motion does not indicate that the Court

---

[5] *Strong v. Wells Fargo Bank*, 2013 WL 1228028 (Del. Super. 2013)
[6] *Id.*
[7] Supr. Ct. Civ. R. 59(e).
[8] Furthermore, the Superior Court lacks discretion to extend the timeframe in which a Motion for Reargument can be filed outside of the five-day window contemplated by the text of the Rules. *See Strong*, at *1.

misapplied over overlooked any controlling law or misapprehended any material facts in its December 21st, 2020 Order.

8. The substance of Defendant's Motion is also unpersuasive. Defendant claims that his ten convictions for First Degree Robbery are invalid because he was only convicted of three counts of Theft. In Defendant's reckoning, he would need to be convicted of a count of theft on each individual whom he robbed in order for his robbery convictions to stand, because theft is an essential element of robbery.

9. Defendant's contention is not correct. Defendant correctly points out that theft is an essential element of robbery. Defendant's understanding of what an "essential element" means, however, is incorrect. The phrase "essential element" means that the State has to prove all of the elements of one crime in order to prove that a related offense with an additional element or elements took place. Theft is an essential element of robbery; this means that in order for the state to prove that a robbery has taken place, it must prove all of the elements required for theft plus the additional elements of a robbery that make it a unique offense (namely the use or threat of physical force.) Stated differently, all robberies are thefts, but not all thefts are robberies.

10. The fact that theft is an essential element of robbery does *not* require the State to obtain a separate conviction for theft before it can obtain a conviction for a robbery based on a specific instance of conduct, as Defendant seems to suggest.[9] In other words, a Robbery conviction does not require a separate theft conviction, because the State has to prove all of the elements of a Theft to obtain a conviction for a Robbery.

11. Defendant next argues that this Court improperly denied his claim based on the Supreme Court of Delaware's decision in *Parker v. State.*

12. In *Parker*, defendant Justin Parker was convicted of two separate theft charges based upon a single incident in which he stole a Kawasaki motorcycle and several other vehicles from a shipping company called Port-to-Port located in Wilmington, Delaware.[10] Parker was convicted of Theft of a Motor Vehicle for stealing the Kawasaki motorcycle and was separately convicted of Felony Theft for stealing the other vehicles. Parker appealed his separate theft convictions to the Supreme Court of Delaware, and the Supreme

---

[9] See Def's. Mot. To Reconsider at *2 ("Therefore, Desmond would need to be convicted of ten counts of theft on each individual robbed in order to be convicted of Robbery First Degree under 11 Del. C. § 832(a) given [that an] essential element of Robbery is "Theft.") (internal citations omitted.)
[10] *Parker v. State*, 201 A.3d 1181 (Del. 2019).

Court overturned Parker's sentence on grounds that multiple theft charges based on "one heist" violated the constitutional prohibition against double jeopardy.

13. Defendant in this case asserts that he did not raise a double jeopardy claim but nevertheless that his sentence should be modified based on *Parker*.[11] Defendant argues that each of the specific incidents for which he was convicted should be considered "one heist" under *Parker*, and thus that several counts of Robbery should be vacated because some of these counts occurred based on "single heists."[12] However, as this Court noted in its December 21st Order, there is a key difference between the facts of Parker and the facts of Defendant's case: the theft charges in *Parker* represented offenses against only a single victim (Port-to-Port shipping company), whereas several of the robberies which Defendant committed had more than one victim.[13] Defendant has not pleaded with particularity which

---

[11] See Def.'s Mot. For Reconsideration, ¶ 3 ("Desmond did not raise of Double Jeopardy claim, however, *Parker* supports Desmond's 'one heist/single theft' claim under Delaware law given that he only committed 'one heist' at Shop-Rite, at Thriftway, and Acme, not ten counts of robbery first degree [during those incidents.]") Defendant's Motion fails to account for the fact that *Parker*'s "one heist" analysis is based on the prohibition against double jeopardy; it is not relevant if Defendant has chosen to characterize his *Parker* argument as a double jeopardy claim, because double jeopardy is the legal principle that *Parker*'s "one heist" analysis addresses.

[12] Desmond's Motion to Reconsider does not plainly indicate which counts of Robbery he wishes the Court to vacate. As far as the Court can tell, Desmond appears to argue that each of the armed robberies at Shop-Rite, Thriftway, and Acme should constitute "one heist" and therefore that he should have gotten no more than three convictions for Robbery as a result of his crime spree. See n. 7, *supra*.

[13] See also State v. Desmond, 1992 WL 390600, at n. 1 ("some of the robberies had more than one victim").

specific Counts of First Degree Robbery were redundant or duplicative in his case. Thus the Court cannot determine that any of the specific Counts of First Degree Robbery in Defendant's case were in fact duplicative or part of "one heist."

14. The only contention within Defendnat's Motion for Reconsideration that comes close to pleading his "one heist" theory with particularity is contained in ¶ 4 of his Motion, and this too falls short of the mark. Citing *State v. Owens*, Defendant states that he "could not be convicted of First Degree Robbery [for] the September 7, 1991 robbery of [an] ACME Market given [that] no robbery victim testified to 'delivering up property to the robber' and the state presented [only] 'by-standers' to the robbery."

15. This Court's decision in *Owens* does not support Defendant's contention. In *Owens*, defendant Rashan Owens was convicted of multiple criminal charges based on two bank robberies which took place in Newark, Delaware. Owens' convictions included one count of First Degree Robbery perpetrated on one of the bank's employees, Sarah Arnold. The State agreed with Owens' claim that he did not take any property from Arnold, and that since he did not take any property from her, Owens could not be convicted for perpetrating a

First Degree Robbery upon Arnold.[14] Judge Toliver therefore granted an acquittal for Owens' First Degree Robbery conviction.

16. In his Motion for Reconsideration, Defendant states that "no robbery victim testified to delivering up property to [him]" but Defendant does *not* indicate what the witnesses presented by the State testified about. The victim of a crime does not need to provide testimony regarding the crime in order for the State to obtain a conviction – the testimony of a third-party witness, including a "by-stander" who was not implicated in the crime, may suffice. Defendant's argument is unpersuasive, and *Owens* does not support his position.

17. For the foregoing reasons, Defendant's Motion for Reconsideration is **DENIED**.

Francis J. Jones, Judge

---

[14] *State v. Owens*, 2010 WL 2892701, at *10 (Del. Super. 2010).